FILED
SUPERIOR COURT
OF GUAM

2020 AUG 13 PM 4: 24

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CHRISTOPHER ALLEN,<br><br>                  Plaintiff,<br><br>    vs.<br><br><br>IAN C. RICHARDSON in his individual capacity and JOHN YOUNG in his individual capacity,<br><br>                  Defendants. | CIVIL CASE NO. CV0191-09<br><br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Defendant Ian C. Richardson's ("Defendant Richardson") Motion for Summary Judgment filed February 12, 2020. Defendant Richardson represents himself *pro se*. Defendant John Young ("Defendant Young") is represented by Assistant Attorney General David Rivera and Plaintiff Christopher Allen ("Plaintiff") is represented by Attorneys James Maher and David Lujan. Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

This matter has an extensive procedural history, stemming from an alleged confrontation between Plaintiff and Defendants Richardson and Young at Guam Memorial Hospital in February 2007. Plaintiff alleges that Defendants Richardson and Young committed assault and battery on him while he was attempting to serve a deposition subpoena on

*Allen v. Richardson & Young*
Case No. CV0191-09
Decision and Order

Defendant Young. (Sec. Am. Compl. ¶ 6, Jan. 10, 2011). Most recently, the Supreme Court of Guam, in an unpublished memorandum, affirmed this Court's denial of both parties' cross motions for summary judgment pursuant to the Citizen Participation in Government Act. *See* Unpublished Memorandum Opinion, Jan. 17, 2020. Upon remand, Defendant Richardson filed a Motion for Summary Judgment on February 12, 2020. Plaintiff filed his Opposition on March 9, 2020, and on March 25, 2020, Defendant Richardson filed a Rebuttal. The proceedings were stayed pending resolution of Defendant Richardson's 7 GCA § 6107 Statement of Objection to Competency of Judge Vernon P. Perez filed February 26, 2020. On April 2, 2020, the reviewing court issued a Decision and Order finding no cause for recusal and the matter was sent back to this Court. The Court subsequently placed the Motion for Summary Judgment under advisement.

## DISCUSSION

Defendant Richardson moves for summary judgment in his favor, arguing that Plaintiff's only claim for damages under Count One: Assault and Battery "is for alleged Intentional Infliction of Emotional Distress" and that Plaintiff cannot sustain the required elements of such a claim. *See* Mot. Summary Judgment at 3, Feb. 12, 2020. Defendant Richardson also argues that summary judgment should be granted in his favor and this matter be dismissed because it "is a criminal scam using the judicial process as a weapon of extortion." *See id.* at 11-14. In opposition, Plaintiff argues that the "motion seeks the identical relief against the identical counts that his 2011 Motion sought which the Court denied." (Opp'n at 2). Plaintiff sets forth that Defendant Richardson's Motion for Summary Judgment is essentially a motion for reconsideration of the Court's 2011 Decision and Order. *Id.*

**The 2011 Motion for Summary Judgment**

In 2011, Defendant Richardson, through counsel, filed a Motion for Summary Judgment, moving the Court to find summary judgment in his favor dismissing the Second Amended Complaint ("First Motion for Summary Judgment"). *See* First Mot. Summary Judgment, Aug. 24, 2011. Defendant Richardson moved to dismiss Count 1 of Assault and Battery because the Defendants had a privilege to use reasonable force against Plaintiff; Counts 2 and 3 for

Felonious Restraint and Unlawful Restraint based on the fact they are not tortious conduct, but criminal offenses codified in Title 9 GCA Chapter 22; and Count 4 for Unlawful Detention because the length of time of false imprisonment was too brief and any detention of Plaintiff was lawful because Defendants reasonably believed Plaintiff was a trespasser and reasonably believed he was a physical threat to them. *See id.* The Court denied the Motion for Summary Judgment as to Count 1 and Count 4, but granted the Motion as to Counts 2 and 3. *See* Dec. & Order, Nov. 16, 2011. In denying Count 1, the Court found that "there exist[ed] genuine issues of facts" regarding the elements required for assault and battery, and that such elements "have not been disproved by the present state of the evidence that would allow this Court to grant summary judgment." *Id.* at 3. Similarly, the Court found that there was a dispute regarding material facts as to Count 4. *Id.* at 4.

**Summary Judgment Standard**

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Guam R. Civ. P. Rule 56(c). A genuine issue exists when "there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Izuka Corp. v. Kawasho Int'l (Guam) Inc.*, 1997 Guam 10 ¶ 7. The factual dispute must concern a material fact. *Id.* "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit . . . [d]isputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." *Id.* "[T]he Court must view the evidence and draw inferences in the light most favorable to the non-movant." *Edwards v. Pacific Financial Corp.*, 2007 Guam 27 ¶ 7. "When a motion for summary judgment is made . . . an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Guam R. Civ. P. Rule 56(e).

//

//

**Intentional Infliction of Emotional Distress is not a cause of action in this matter**

Defendant Richardson first moves the Court to grant summary judgment in his favor and dismiss Count 1 for Assault and Battery because Plaintiff's only claim for damages under Count One: Assault and Battery "is for alleged Intentional Infliction of Emotional Distress" and that Plaintiff cannot sustain the required elements of such a claim. *See* Mot. Summary Judgment at 3. Defendant Richardson alleges that Plaintiff in Count 1: Assault and Battery "claims no physical injury, but claims only 'fear of imminent bodily injury' and that '[a]s a direct and proximate result of Defendant's actions [on February 3, 2007] Allen sustained mental anguish, suffering and loss of enjoyment of life' -- i.e. that Allen's only claim for damages is for alleged Intentional Infliction of Emotional Distress." (Mot. at 2-3). Defendant Richardson then goes through the elements of Intentional Infliction of Emotional Distress, explaining why he believes Allen has failed to meet those elements. *Id.*

The causes of action before the Court at this time include assault, battery, and unlawful restraint. (Dec. & Order, Nov. 16, 2011). *See also* Unpublished Opinion, Jan. 17, 2020 ("Allen's complaint is limited to causes of action for battery, assault, and unlawful restraint."). Defendant Richardson appears to deem the tort of Intentional Infliction of Emotional Distress as a cause of action in this matter based on the damages element of assault and battery. Although assault and battery are both intentional torts, intentional infliction of emotional distress is a separate tort on its own and is not an element of assault or battery. A defendant is liable for assault if "he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and the other is thereby put in such imminent apprehension." Restatement (Second) of Torts § 21 (1965). In order to be held liable, "it is necessary that the actor intend to inflict a harmful or offensive bodily contact upon the other or a third person or put him in apprehension of such contact. Unless he acts with such intent, the actor is not liable for an assault." *Id.,* comment f. A defendant is liable for battery if "he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and an offensive contact with the person of the other directly or indirectly results." Restatement

(Second) of Torts § 18 (1965). "One whose interests of personality have been tortuously invaded is entitled to recover damages for past or prospective bodily harm and emotional distress; loss or impairment of earning capacity; reasonable medical and other expenses; and harm to property or business caused by the invasion." Restatement (Second) of Torts § 924(a)-(d) (1979). Plaintiff does not seek damages for any "physical injuries," claiming instead that as a proximate result of the assault and battery, he "sustained mental anguish, suffering and loss of enjoyment of life," and that as to false imprisonment, he has "sustained mental/psychological anguish and injury, emotional stress, loss of enjoyment of life." (Sec. Am. Compl. at 2, Jan. 10, 2011). Although Plaintiff is seeking damages for emotional distress, this does not equate to mandating that all elements of the separate tort of intentional infliction of emotional distress be met. None of the traditional elements of these causes of action include intentional infliction of emotional distress. Therefore, Defendant Richardson's argument for summary judgment in his favor fails in this regard.

**Allegations that CV0191-01 is a criminal scam**

Lastly, Defendant Richardson moves the Court for summary judgment to be entered into his favor and for this matter to be dismissed, stating that "CV0191-09 is a criminal scam using the judicial process as a weapon of extortion." *See* Mot. Summary Judgment at 11-14. Defendant Richardson alleges witness/evidence tampering and fraud by Plaintiff and his attorneys, and that this Court's striking of a pleading in August 2018 equated to the suppression of documentary evidence and the granting of impunity to evidence tampering. *Id.* Defendant Richardson also sets forth that "7 GCA § 6105 is salient at this moment in time in CV0191-09." *Id.* at 14. Since the filing of this Motion, Defendant Richardson moved for the Court's recusal based on these grounds, which was denied by the reviewing court in a Decision and Order on April 2, 2020. In so far as any of the arguments as to this matter being a criminal scam and that this Court condoned criminal conduct were addressed by this Court in its Answer to the recusal motion and the reviewing court in its Decision and Order, the Court declines to address such arguments any further.

## CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant Richardson's Motion for Summary Judgment.

**IT IS SO ORDERED** this 13th day of August, 2020.

_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam